NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SERGIO M. BALBASTRO, *Appellant.*

No. 1 CA-CR 18-0453
FILED 4-18-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-151813-001
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Amy E. Bain
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Jon W. Thompson and Vice Chief Judge Peter B. Swann joined.

---

**M O R S E**, Judge:

¶1         This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Sergio M. Balbastro has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Balbastro was convicted of Theft of Means of Transportation, a class 3 felony; Possession of Burglary Tools, a class 6 felony; Resisting Arrest, a class 6 felony; and Refusing to Provide Truthful Name When Legally Detained, a class 2 misdemeanor. Balbastro was given an opportunity to file a supplemental brief in propria persona but has not done so. After reviewing the record, we affirm Balbastro's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2         We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Balbastro. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3         On the evening of November 6, 2017, victim C.P.G. parked a 1994 white Honda Accord in her apartment complex's parking lot. When C.P.G. returned to the lot the following morning, the Accord was no longer there, and C.P.G. reported it stolen. C.P.G. had not given anyone permission to take the Accord and the keys were still within C.P.G.'s apartment.

¶4         Three days later, at 2:40 a.m., a Phoenix Police Officer saw a white Honda Accord make a right-hand turn at a red light without coming to a complete stop. The officer ran a check on the license plate number and learned that the Accord had been reported as stolen. The officer conducted a traffic stop of the Accord and Balbastro, the only occupant of the Accord, got out of the car, looked back at the officer, and then ran up a driveway toward the backyard of a house.

¶5         The homeowner told the police officers at the scene that his son lived in a room in the back of the house. He gave the officers permission

to conduct a search. The homeowner's son, Leonardo Perez, told the officers that Balbastro came to the house and "wanted to crash." Balbastro had told Leonardo that he had arrived in a stolen car.

¶6        Police officers found Balbastro lying on the floor of the room, under the end of the bed. The officer that had initially stopped the Accord identified Balbastro as the suspect he had seen exiting the vehicle earlier. Despite the officer's commands, Balbastro did not move. After being told he was under arrest, Balbastro began "flailing around," pulling his arms underneath his body and kicking his feet, hitting an officer in the face. The officers ultimately succeeded in arresting Balbastro. Officers searched the Accord and found a key in the ignition. They were initially unable to remove the key from the ignition and it was later revealed to be a key for a Chevrolet.

¶7        Balbastro initially refused to provide officers his full name and claimed he was unable to remember his date of birth. He then told officers he forgot his name and provided a false name. Fingerprint analysis revealed Balbastro's identity, and Balbastro later stated that he borrowed the car from "Jose" and took off "cruising" after asking if the car "was legit." He denied knowing that the car was stolen.

¶8        The State indicted Balbastro for Theft of Means of Transportation, a class 3 felony; Possession of Burglary Tools, a class 6 felony; Aggravated Assault, a class 4 felony; Resisting Arrest, a class 6 felony; and Refusing to Provide Truthful Name when Lawfully Detained, a class 2 misdemeanor. The court later dismissed the Aggravated Assault count at the State's request. The State alleged that Balbastro had five non-dangerous felony convictions, Balbastro committed the offenses while on probation, and several aggravating circumstances existed.

¶9        At trial, Balbastro moved for a directed verdict pursuant to Arizona Rule of Criminal Procedure 20, but the court denied the motion. The jury found Balbastro guilty of all the remaining four counts, and it found the State had proven the aggravating factor that Balbastro committed the offense while on felony probation. The court sentenced Balbastro to a term of 12 years' imprisonment for the Theft of Means of Transportation count; concurrent terms of 4 years' imprisonment for the other two felony counts; and a concurrent term of 4 months' imprisonment for the misdemeanor count. It also ordered Balbastro to pay a $20 probation assessment, a $20 time-payment fee, and $807 in restitution.

¶10 Balbastro timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

¶11 We review Balbastro's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Balbastro has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and we find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Balbastro at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Balbastro's convictions and sentences.

¶12 Upon the filing of this decision, defense counsel shall inform Balbastro of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Balbastro shall have 30 days from the date of this decision to proceed, if he desires, with an in propria persona motion for reconsideration or petition for review.

## CONCLUSION

¶13 For the foregoing reasons, we affirm Balbastro's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA